FILED
JUL 24 2009

FILED '09 JUL 24 14:45 USDC-ORF

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ONEBEACON INSURANCE COMPANY,        )
                                    )
                Plaintiff,           )    Civil Case No. 09-361-KI
                                    )
    vs.                              )    OPINION AND ORDER
                                    )
JUDITH and LLOYD TRACKWELL,          )
                                    )
                Defendants.          )
                                    )

John A. Bennett
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089

    Attorney for Plaintiff

John Folawn
Folawn Alterman & Richardson LLP
522 SW Fifth Avenue, Suite 1100
Portland, Oregon  97204-2138

Page 1 - OPINION AND ORDER

Craig R. Heidemann
Douglas, Haun & Heidmann PC
P. O. Box 117
Bolivar, Missouri 65613

    Attorneys for Defendants

KING, Judge:

This is an insurance coverage dispute over a claim for theft of cattle from a ranch in Imnaha, Oregon. OneBeacon Insurance Company ("OneBeacon") filed the Complaint in this court on April 13, 2009 but had the name of the insurance company wrong. On April 17, the Trackwells sued OneBeacon in state court in Missouri over the same issue. On April 20, OneBeacon filed the Amended Complaint here to correct its name. On May 13, the Missouri action was removed to the United States District Court for the Western District of Missouri.

On June 17, counsel in Missouri filed a motion to transfer that case here. That motion is pending. Before the court is OneBeacon's Motion for Consolidation of Missouri Lawsuit with this Lawsuit in Oregon (#18).

## DISCUSSION

OneBeacon talks about the first-to-file rule in support of its request that I order the Missouri court to transfer its case here.

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." <u>Pacesetter Systems, Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 94-95 (9th Cir. 1982); <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the

court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.").

OneBeacon correctly notes that the Fifth Circuit requires the court in which the first case is filed to decide if the second court should transfer its case:

> However, "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Save Power Limited, 121 F.3d 947, 948, citing West Gulf Maritime Association v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir.1985); Mann Mfg., 439 F.2d at 408 (5th Cir.1971). Therefore, the "first to file rule" not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated. This Court stated in Mann Mfg., 439 F.2d at 408, that:
>
>> once the likelihood of substantial overlap [of issues] between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should proceed. By virtue of its prior jurisdiction over the common subject matter the determination of whether there actually was substantial overlap requiring consolidation of the two suits in [Oklahoma] belonged to the United States District Court in [Oklahoma].
>
> There is no doubt that substantial overlap exists between the Texas and Oklahoma actions in the instant case. P & P's motion to vacate in Oklahoma, Sutter's motion to confirm in Texas and P & P's motion to vacate in Texas all present identical issues. Under these circumstances, the Texas district court abused its discretion. Therefore, we reverse and remand this matter to the United States District Court for the Northern District of Texas, so that it may transfer the matter to the United States District Court for the Western District of Oklahoma for resolution of whether the Texas action should be allowed to proceed independently or should be consolidated in Oklahoma.

Sutter Corp. v. P & P Industries, Inc., 125 F.3d 914, 920 (5th Cir. 1997).

Page 3 - OPINION AND ORDER

This does not appear to be the rule in the Ninth Circuit. In the Ninth Circuit cases cited by OneBeacon, the second court decided whether or not to dismiss or transfer its case. See <u>Alltrade, Inc. v. Uniweld Products, Inc.</u>, 946 F.2d 622 (9th Cir. 1991); <u>Pacesetter</u>, 678 F.2d 93.

Without Ninth Circuit authority, I am unwilling to tell another federal judge that he or she must transfer a case to this court. Accordingly, I deny the motion to consolidate. It is premature.

## CONCLUSION

OneBeacon's Motion for Consolidation of Missouri Lawsuit with this Lawsuit in Oregon (#18) is denied with leave to renew if the Missouri case is transferred here.

IT IS SO ORDERED.

Dated this 24th day of July, 2009.

/s/ Garr M. King
Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER